IN THE SUPREME COURT OF THE STATE OF DELAWARE

IN THE MATTER OF A MEMBER §
OF THE BAR OF THE SUPREME §
COURT OF THE STATE OF § No. 463, 2017
DELAWARE: §
§
§
TIMOTHY A. DILLON §

Submitted: November 21, 2017
Decided: December 12, 2017
Corrected: December 14, 2017

Before **VALIHURA**, **VAUGHN**, and **SEITZ**, Justices.

## O R D E R

This 14th day of December 2017, it appears to the Court that:

(1) This is a lawyer disciplinary proceeding. On November 7, 2017, the Board on Professional Responsibility filed a report with this Court recommending that the respondent, Timothy A. Dillon, Equire, be publicly reprimanded and placed on a period of probation for two years, with the imposition of specific conditions. A copy of the Board's report is attached to this order. Neither the Office of Disciplinary Counsel nor Dillon has filed any objections to the Board's report.

(2) The Court has considered the matter carefully. We find the Board's recommendation of a public reprimand with a two-year period of probation with conditions to be appropriate. Thus, we accept the Board's

findings and recommendation for discipline and incorporate the Board's findings and recommendation by reference.

NOW, THEREFORE, IT IS ORDERED that the Board's November 7, 2017 report is hereby ACCEPTED. The Office of Disciplinary Counsel shall disseminate this Order in accordance with Rule 14 of the Delaware Lawyers' Rules of Disciplinary Procedure.

BY THE COURT:


/s/ James T. Vaughn, Jr.
Justice

-2-

EFiled: Nov 07 2017 03:54PM EST
Filing ID 61333612
Case Number 463,2017

BOARD ON PROFESSIONAL RESPONSIBILITY

OF THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| In the Matter of a | ) | |
| Member of the Bar of the | ) | **CONFIDENTIAL** |
| Supreme Court of Delaware: | ) | |
| | ) | Board Case No. 112927-B, 113266-B |
| TIMOTHY A. DILLON, | ) | |
| | ) | |
| | ) | |
| | ) | |

## REPORT AND RECOMMENDATONS OF THE HEARING PANEL

Pending before a panel of the Board on Professional Responsibility (the "Board") is a Petition for Discipline filed by the Office of Disciplinary Counsel (the "ODC") in Board Case Nos. 112927-B, 113266-B (the "Petition") against Timothy A. Dillon, Esquire ("Respondent"), a member of the Bar of the Supreme Court of the State of Delaware. The Petition alleged violations of Rules 1.1, 1.3, 1.15 (d), 3.4 (c), 5.3, 8.4 (c) and 8.4 (d). Respondent, through his counsel, Charles Slanina, Esquire, filed an Answer to the Petition (the "Answer"), on March 21, 2017 admitting all of the allegations contained in the Petition.

On July 13, 2017, a panel of the Board on Professional Responsibility, Deirdre A. McCartney, Esquire, Chair, Daniel F. Wolcott, Jr., Esquire and Mr. John D. Shevock ("the Panel") held a joint liability and sanction hearing on a petition for discipline filed by the (ODC) in the above-captioned matter. Kathleen Valvala, Esquire, presented the petition for ODC. Charles Slanina, Esquire represented Timothy A. Dillon, ("Respondent"). The Panel found that Respondent violated Rules 1.1, 1.3, 1.15 (d), 3.4 (c), 5.3, 8.4 (c) and 8.4 (d) of the Delaware Lawyers' Rules of Professional Conduct ("Rules").

1

**Procedure Background**

On July 7, 2017, prior to the hearing, Counsel for ODC, Respondent and the panel chair held a pre-hearing teleconference to discuss the upcoming hearing. At the request of the parties a joint hearing was scheduled for both the liability and sanctions portions. At the liability portion of the Hearing, the Panel received into evidence a joint exhibit book. The Panel also heard testimony from the Respondent. Following the liability portion of the hearing, the panel concluded that Respondent had violated all of the counts in the petition for discipline. During the sanctions portion of the hearing, the Panel also heard testimony from the Respondent, Mark Reardon, Esquire, Robert McCann, Esquire, Yvonne Takvorian Saville, Esquire (via affidavit) and Renee Villano. After the sanctions portion of the hearing, at the request of the hearing panel, the record was supplemented by post hearing memorandum on sanctions. The parties filed a joint memorandum regarding admitted facts, rules, violations and recommended sanctions. The record was closed on September 6, 2017.

For the reasons stated below, the Panel finds that Respondent violated Rules 1.1, 1.3, 1.15 (d), 3.4 (c), 5.3, 8.4 (c) and 8.4 (d) by failing to provide competent representation to clients, by failing to diligently represent clients, by knowingly disobeying an obligation under the rules of a tribunal, by failing to supervise his non-lawyer assistants, by engaging in conduct prejudicial to the administration of justice, by failing to maintain his law firm's books and records and engaging in conduct involving misrepresentation.

**Facts**

The record in this proceeding consists of the testimony of witnesses at the hearing, exhibits submitted in connection with the hearing and other submissions of the parties. The transcript of the liability and sanctions portion of the hearing is cited hereinafter, as "Tr.

2

at_____." At the liability and sanctions portion of the hearing, the parties admitted joint exhibits. The joint exhibits admitted at the liability portion of the hearing are cited hereinafter, as "Ex at_____."

Since the Respondent's Answer had admitted the violations alleged in the Petition, the ODC, the Respondent, and the Panel treated the hearing as relating primarily to sanctions. (Tr. at pp. 3–4). Nevertheless, the Panel received testimony from the Respondent and the exhibits relating to factual circumstances surrounding the violations. The exhibits consisted of 1) a Superior Court opinion in *Huelsenbeck et al. v. Fermin-Jiminez* and *Hichex-Sabino*, Del. Super., CA. No. N12C-07-216 JAP, Parkins, J. (June 7, 2013) (Memo Op.), 2) a Superior Court opinion in *Oliver v. Spitelle*, Del. Super., C.A. No. N15C-04-135 JAP and *Skinner v. Fleming*, Del. Super., C.A. No. N15C-03-088 JAP, Parkins, J. at p. 4-6 (Jan. 8, 2016) (Letter Op.), 3) A Superior Court Opinion in *Ricketts v. Brown and Geico*, Del. Super., C.A. No. N15C-04-202 JAP (June 3, 2016) (ORDER), 4) a letter from Judge Parkins to ODC (dated June 3, 2016), 5) 2015 Certificate of Compliance, 6) 2016 Certificate of Compliance and 7) Master, Sidlow & Associates, P.A., Independent Accountant Report (dated December 20, 2016).

Respondent was admitted to the Bar of the Supreme Court of Delaware in 1999. Petition and Answer ¶ 1. Respondent is engaged in the private practice of law and has the primary responsibility for the books and record keeping and management of his law firm McCann & Wall, LLC. Petition and Answer ¶ 1. Respondent has been handling plaintiff's work, personal injury, premise liability and motor vehicle cases since 2008, 2009. Tr. at 16. Under Rule 4 of the Delaware Superior Court Civil Rules, the Plaintiff is required to file a praecipe directing the manner and place of service of the Defendants. Petition and Answer ¶ 2. The Prothonotary then issues process as indicated and delivers it to the Sheriff or another person appointed by the Court

3

to serve the Defendant. Petition and Answer ¶ 2. If service cannot be made on the Defendant at the address specified in the praecipe the Sherriff or other process server returns the summons to the Superior Court marked non est inventus ("non est"). Petition and Answer ¶ 3.

Under Superior Court Civil Rule 4 (j), service must be made within 120 days of filing the complaint unless good cause is shown why service was not made and the Court shall dismiss the action as to that defendant without prejudice. Tr. at 17-18. A plaintiff may file a motion with the Court for an enlargement of time to effect service or can move to appoint a special process server. Tr. at 18. The Court may grant such motions at its discretion. Tr. at 18. Respondent assigned the task of checking to see if service had been completed in his cases to his paralegals. Tr. at 42-43. During the time period at issue in this case, the paralegals did not follow up to confirm service of process on the defendants. Tr. 73-74. Respondent admitted that he did not properly follow up and did not properly supervise the non-lawyer staff to ensure that service had been completed. Tr. at 43.

As a result of Respondent's failure to make reasonable efforts to locate the Defendants or to timely move for an enlargement of time, four (4) cases were dismissed by the Superior Court without prejudice. See Petition and Answer ¶ 6-27. The Superior Court found in those cases that Respondent failed to show due diligence in attempting to locate and serve the defendants. See Ex. 1-3 and Petition and Answer ¶ 11, 16, 21, and 26. On June 3, 2016, Judge Parkins wrote to ODC expressing his concerns over Respondent's conduct in failing to locate and serve a Defendant in one of the cases dismissed for failure to make reasonable efforts to locate the Defendants or to timely move for an enlargement of time. Ex. 4.

In addition to the four cases noted above, there were thirteen (13) additional cases where Respondent failed to make reasonable efforts to locate and serve the Defendants or to timely file

4

a motion for an enlargement of time which were not dismissed by the Superior Court. Tr. at 33-34 and Petition and Answer ¶ 28.

Respondent was the managing partner of the Wilmington office of McCann & Wall, LLC. Tr. 43-44. The books and records were physically maintained in the Philadelphia office, but there were escrow and operating accounts at Delaware banks. Tr. at 65. Respondent incorrectly assumed that the Delaware books and records were being maintained in accordance with the provision of Rule 1.15 A. Tr. at 48-49. Respondent did not receive any specific assurances from the Philadelphia office to that effect. Tr. at 66.

An audit of Respondent's law office books and records for the six month period ending on September 30, 2016 was conducted by the Lawyer's Fund for Client Protection. Ex.7. The findings of the audit were that Respondent's books and records were not properly maintained by (a) incorrectly titling accounts, (b) failing to maintain and preserve a client subsidiary ledger for four of the six months reviewed, (c) failing to reconcile the end of the month's cash balances to the total of all client funds held for four of the six months, (d) in one month, failing to reconcile the end of the month cash balance with the total of all client funds held of $2,986.00; and (e) having checks or transfers in fiduciary accounts outstanding for longer than six months. Tr. 44-46. Respondent's 2015 and 2016 Certificates of Compliance contained misrepresentations as to the status of McCann & Wall's books and records. Tr. at 53. Respondent did not identify all attorney/trust accounts in Question 3.1 and responded yes to items 2.2, 2.3, 2.6, 2.7, 2.9 and 2.12 when he should have answered no. Tr. 50-53.

During the sanctions phase of the hearing, respondent admitted that he was privately admonished by the Delaware Supreme Court in 2012 after filing a false preceptor's certification in connection with an applicant's admission to the Delaware bar. Tr. at 134-136. Respondent

5

testified at the hearing that he was cooperative with the ODC's investigation and apologized to the Board and the Superior Court for his conduct in the present matter. Tr. at 127-128. Respondent further indicated that he has taken a number of corrective measures to address his issues with service of process and with maintaining his firm's books and records. Tr. at 78-86 and 130-134. Respondent also offered the testimony of Renee Villano, a certified public accountant who indicated that she had been retained by Respondent's firm in June of 2017 to review the firm's books on a quarterly basis and to perform pre-certifications to ensure compliance with Rule 1.15. Tr. 120-123. Respondent also offered the testimony of Robert McCann, Esquire, Mark Reardon, Esquire and Yvonne Takvorian Saville, Esquire (via affidavit) regarding Respondent's good character and reputation. *See* Tr. at 110-112, Tr. 57-59 and Ex. 2.

**Standard of Proof**

The allegations of professional misconduct set forth in ODC's petition must be established by clear and convincing evidence. (Disc. Proc. Rule 15 (c)).

**Findings on Violations of the Rules**

Based on the Respondent's admissions and the evidence provided at the Hearing, the Panel finds that the ODC has met its burden. Specifically, the Petition alleges, and the Answer, as amended, admits, nine violations of the rules of the Delaware Lawyers' Rules of Professional Conduct as follows:

**COUNT ONE: RESPONDENT VIOLATED RULE 1.1 BY FAILING TO PROVIDE COMPETENT REPRESENTATION TO CLIENTS.**

Rule 1.1 provides: "[a] lawyer shall provide competent representation to a client." Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation." Respondent violated Rule 1.1 by failing to make

6

reasonable efforts to locate and/or serve the defendants within the time prescribed by Superior Court Rule 4 (j) and/or failing to file timely motions to extend the time for service in seventeen cases. Tr. at 34.

**COUNT TWO: RESPONDENT VIOLATED RULE 1.3 BY FAILING TO DILIGENTLY REPRESENT CLIENTS.**

Rule 1.3 requires that "[a] lawyer shall act with reasonable diligence and promptness in representing a client." Respondent violated Rule 1.3 by failing to make reasonable efforts to locate and/or serve the defendants within the time prescribed by Superior Court Rule 4 (j) and/or failing to file timely motions to extend the time for service in seventeen cases. Tr. at 35-36.

**COUNT THREE: RESPONDENT VIOLATED RULE 3.4 (C) BY KNOWINGLY DISOBEYING AN OBLIGATION UNDER THE RULES OF THE TRIBUNAL.**

Under Rule 3.4 (c) a lawyer is prohibited from "(c) knowingly disobey an obligation under the rules of a tribunal, except for an open refusal based on an assertion that no valid obligation exists". Respondent violated Rule 3.4 (c) by failing to make reasonable efforts to locate and/or serve defendants within the 120 days required by Superior Court Civil Rule 4 (j) and/or failing to move for an extension of service during that 120 period. Tr. 30, 33 and 36.

**COUNT FOUR: RESPONDENT VIOLATED RULE 5.3 BY FAILING TO SUPERVISE NON-LAWYER ASSISTANTS.**

Rule 5.3 states in part: "[w]ith respect to a non-lawyer employed or retained by or associated with a lawyer: (b) a lawyer having direct supervisory authority over the non-lawyer shall make reasonable efforts to ensure that the person's conduct is compatible with the professional obligations of the lawyer; and (c) a lawyer shall be responsible for conduct of such a person that would be a violation of the Rules of Professional Conduct if engaged in by a lawyer

7

if:. . . the lawyer. . . has direct supervisory authority over the person, and knows of the conduct at a time when its consequences can be avoided or mitigated but fails to take reasonable remedial action." Respondent violated Rule 5.3 by failing to supervise his employees and failing to have reasonable safeguards in place which would assure timely service of process in seventeen cases filed in the Superior Court. Tr. 30, 33 and 36.

## COUNT FIVE: RESPONDENT VIOLATED RULE 8.4 (D) BY ENGAGING IN CONDUCT PREJUDCIAL TO THE ADMINISTRATION OF JUSTICE.

Pursuant to Rule 8.4 (d) "[i]t is professional misconduct for a lawyer to:

(d) engage in conduct that is prejudicial to the administration of justice." Respondent violated Rule 8.4 (d) by failing to make reasonable efforts to locate and/or serve defendants within the 120 days required by Superior Court Civil Rule 4 (j) and/or by failing to move for an extension of time for service during that 120 day period.

## COUNT SIX: RESPONDENT VIOLATED RULE 1.15(D) BY FAILING TO MAINTAIN THE LAW FIRM'S BOOKS AND RECORDS.

Rule 1.15 (d) sets forth some of the requirements for maintenance of attorney books and records and provides in part as follows:

". . . (2) Bank accounts maintained for fiduciary funds must be specifically designated as "Rule 1.15A Attorney Trust Account" or "1.15A Trust Account" or "Rule 1.15A Attorney Escrow Account" or "1.15A Escrow Account," and must be used only for funds held in a fiduciary capacity. A designation of the account as a "Rule 1.15A Attorney Trust Account" or "1.15A Trust Account" or "Rule 1.15A Attorney Escrow Account" or "1.15A Escrow Account," must appear in the account title on the bank statement. Other related statements, checks, deposit slips, and other documents maintained for fiduciary funds, must contain, at a minimum, a designation of the account as "Attorney Trust Account" or "Attorney Escrow Account." (3) Bank accounts and related statements, checks, deposit slips, and other documents maintained for non-fiduciary funds must be specifically designated as Attorney Business Account" or "Attorney Operating Account," and must be used only for funds held in a non-fiduciary capacity...(7) A monthly reconciliation for each bank account, matching totals from the cash receipts and cash disbursement journals with the ending check register balance, must be performed... (8)

8

The check register balance for each bank account must be reconciled monthly to the bank statement balance...(12) With respect to all fiduciary accounts: (A) A subsidiary ledger must be maintained and preserved with a separate account for each client or third party in which cash receipts and cash disbursement transactions and monthly balances are recorded. (B) Monthly listings of client or third party balances must be prepared showing the name and balance of each client or third party, and the total of all balances. (C) No funds disbursed for a client or third party must be in excess of funds received from that client or third party. If, however, through error funds disbursed for a client or third party exceed funds received from that client or third party, the lawyer shall transfer funds from the non-fiduciary account in a timely manner to cover the excess disbursement. (D) The reconciled total cash balance must agree with the total of the client or third party balance listing. There shall be no unidentified client or third party funds. The bank reconciliation for a fiduciary account is not complete unless there is agreement with the total of client or third party accounts. (E) If a check has been issued in an attempt to disburse funds, but remains outstanding (that is, the check has not cleared the trust or escrow bank account) six months or more from the date it was issued, a lawyer shall promptly take steps to contact the payee to determine the reason the check was not deposited by the payee, and shall issue a replacement check, as necessary and appropriate."

After an audit by the lawyer's fund for client protection, Respondent was found to have violated Rule 1.15 (d). Respondent violated the rule by (a) incorrectly titling accounts; (b) failing to maintain and preserve a client subsidiary ledger for four of the six months reviewed; (c) failing to reconcile the end of the months cash balances to the total of all client funds held for four of the six months; (d) in one month, failing to reconcile the end of the month cash balance with the total of all client funds held by $2,986.00; and (e) having checks or transfers in fiduciary accounts outstanding for longer than six months. Tr. 45 and 46.

## COUNT SEVEN: RESPONDENT VIOLATED RULE 5.3 BY FAILING TO SUPERVISE NON-LAWYER ASSISTANTS.

Rule 5.3 states in part: "[w]ith respect to a non-lawyer employed or retained by or associated with a lawyer: (b) a lawyer having direct supervisory authority over the non-lawyer shall make reasonable efforts to ensure that the person's conduct is compatible with the professional obligations of the lawyer; and (c) a lawyer shall be responsible for conduct of such a person that would be a violation of the Rules of Professional Conduct if engaged in by a lawyer

9

if:... the lawyer... has direct supervisory authority over the person, and knows of the conduct at a time when its consequences can be avoided or mitigated but fails to take reasonable remedial action." Respondent violated Rule 5.3 by failing to have reasonable safeguards in place which would assure an accurate accounting of his law practice and books and records in compliance with the Rules and by failing to supervise his employees' conduct in maintaining his books and records. Tr. 46-47.

## COUNT EIGHT: RESPONDENT ENGAGED IN CONDUCT INVOLVING MISREPRESENTATION IN VIOLATION OF RULE 8.4 (c).

Rule 8.4 (c) provides that "[i]t is professional misconduct for a lawyer to: (c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation." Respondent violated Rule 8.4 (c) by filing with the Supreme Court Certificates of Compliance in 2015 and 2016 which contained inaccurate statements regarding the status and maintenance of his law firm's books and records. Tr. 50, 51 and 53.

## COUNT NINE: RESPONDENT ENGAGED IN CONDUCT PREJUDICIAL TO THE ADMINISTRATION OF JUSTICE IN VOOLATION OF RULE 8.4 (d).

Pursuant to Rule 8.4 (d) "[i]t is professional misconduct for a lawyer to:

(d) engage in conduct that is prejudicial to the administration of justice." Respondent violated Rule 8.4 (d) by filing 2015 and 2016 Certificates of Compliance which included misrepresentations relating to the maintenance of this law practice books and records.

### Recommended Sanction

The ODC and Respondent jointly contend that the presumptive sanction in this matter is a public reprimand with a two-year probation period with conditions. For the reasons which

10

follow, the Panel recommends that the Respondent be subject to a public reprimand and a two-year probation with conditions.

### Rationale for Recommended Sanction

In making its recommendation, the Panel has utilized the four-part framework set forth in the ABA Standards for Imposing Lawyer Sanctions (1991 as amended February 1992) ("ABA Standards"). To promote consistency and predictability in the imposition of disciplinary sanctions, the Delaware Supreme Court looks to the ABA Standards. *In re Doughty*, 832 A.2d 724, 735-736 (Del. 2003) (citations omitted). The ABA Standards' framework considers: (1) the ethical duty violated; (2) the lawyer's state of mind; (3) the actual or potential injury caused by the lawyer's misconduct; and (4) aggravating and mitigating factors. *Id.*

### 1. *The Ethical Duties Violated.*

As previously recited, the ODC alleged, the Respondent admitted, and the Panel determined that the Respondent committed misconduct in violation of Professional Rules of Conduct Rules 1.1, 1.3, 1.15 (d), 3.4 (c), 5.3, 8.4 (c) and 8.4 (d) by failing to provide competent representation to clients, by failing to diligently represent clients, by knowingly disobeying an obligation under the rules of a tribunal, by failing to supervise his non-lawyer assistants, by engaging in conduct prejudicial to the administration of justice, by failing to maintain his law firm's books and records and engaging in conduct involving misrepresentation.

Under the ABA Standards, this misconduct constituted violations of duties owed by the Respondent to clients (Rules 1.1 and 1.3, and violations of duties owed by Respondent to the legal system, (Rules 1.15 (d) and 5.3) violations of duties owed by Respondent to the Profession, (Rules 3.4 (c) and 8.4 (d)). *See* ABA Standards 4.0, 6.0 and 7.0.

11

## 2. State of Mind.

The ODC contends, the Respondent agrees, and the Panel finds that the Respondent's mental state was negligence. Negligence is "the failure of a lawyer to heed a substantial risk that circumstances exist or that a result will follow, which failure is a deviation from the standard of care that a reasonable lawyer would exercise in the situation." ABA standards definitions. Respondent testified that he was the managing partner in charge of the firm's books and records. Tr. at 43-44. Respondent admitted the following violations of Rule 1.1.5 (d): multiple checks were outstanding for longer than six months, accounts were incorrectly titled, a fiduciary account that should have been listed on the certificate of compliance was not listed, monthly client subsidiary ledgers were not maintained in four or the six months reviewed, the adjusted bank balance did not agree with the general ledger in four of the six months reviewed, the reconciled end of month cash balances did not agree for the total of all client funds held in four of the six months reviewed, in one month the client subsidiary ledger was prepared but the reconciled end of month cash balance differed from all client funds held by $2,986.00 and the firm did not prepare a monthly listing of client account balances for four of the six months reviewed. Tr. 44-46.

Respondent testified that he delegated responsibility for maintaining the books and records to staff members in the Philadelphia office Tr. 46-47. Respondent further testified that he incorrectly assumed that the books and records were being properly maintained and did not adequately supervise his staff or take appropriate safeguards to ensure that they were properly maintained. Tr. 47-48. Respondent acted negligently by failing to take reasonable measures to supervise his staff and ensure that appropriate safeguards were in place to maintain compliance

12

with Rule 1.1.5 (d). *See, In re Malik*, 2017 WL 2893921 (Del. Slip. Op.) and *In Re Gray*, 152 A.3d 581 (Del. 2016).

Regarding the misrepresentation on the Certificates of Compliance, the Respondent was aware of his obligations in accurately responding on the certificate of compliance. Tr. at 50. The Respondent further admitted that there were inaccuracies on the certificate of compliance. Tr. at 50-53. Respondent acted negligently by failing accurately certify the status of his law firm's books and records to ensure that they were being properly maintained which resulted in a breach of his duty to the legal system. *See, In re Malik*, 2017 WL 2893921 (Del. Slip. Op.).

Respondent testified that he was aware of the Rule 4 requirements for service of a complaint. Tr. at 17. Respondent's paralegals were tasked with following up on service of the complaint and he admitted that he did not adequately supervise his staff to make sure they were properly following up on service. Tr. at 42-43. Respondent acted negligently in failing to adequately supervise non-lawyer staff to ensure that service was perfected.

In light of the above, the Panel finds that the Respondent was negligent by failing to heed the substantial risk that failure to take reasonable measures and enact appropriate safeguards would result in his firm's books and records being improperly maintained and in failing to supervise non-lawyer staff to ensure that service had been perfected.

## 3. *Actual or Potential Injury.*

Respondent's clients and the legal system were actually or potentially harmed by Respondent's failure to adequately supervise his staff. Injury is defined as "harm to a client, the public, the legal system, or the profession which results from a lawyer's misconduct." ABA standards, Definitions. Potential Injury is "harm to a client, the public, the legal system or the profession that is reasonably foreseeable at the time of the lawyer's misconduct, and which, but

13

for some intervening factor or event, would probably have resulted from the lawyer's misconduct. ABA standards, Definitions. However, actual injury is not required. *See, e.g., In re Benson*, 77 A.2d 258, 262 (Del. 2001). Here, the Respondent failed to perfect service in seventeen Superior Court cases resulting in a dismissal in four cases without prejudice. Tr. 74-76. In the cases which were dismissed, the Court wrote an opinion in three of the cases. Exs. 1-3. After the four cases were dismissed, the Respondent filed a new case under the savings statute which required the Court to process a new complaint and issue a new case scheduling order. Tr. 95-96. Respondent acknowledged that his conduct caused his clients and the legal system inconvenience. Tr. at 129. Respondent's actions resulted in potential injury to the client as it caused a delay in getting those cases to the settlement phase and actual injury to the legal system, as it was a waste of judicial resources. Tr. at 75-76.

With respect to the legal system, potential injury existed, as the Court may have relied on the Certificates of Compliance. *See, In re Gray*, 152 A.3d 581 (Del. 2016) ("if the Court is unable to rely upon the truthfulness of the self-reporting certifications, the confidence in the public in the trustworthiness of lawyers will be less...{w}ith respect to the filing of the Certificate of Compliance, there was an actual injury since the Court believed the Respondent was in compliance when he was not."). In addition, Respondent caused potential injury to his clients and to third parties, by failing to properly supervise his staff to ensure that his law firm's books and records were being maintained in compliance with Rule 1.1.5 (d). *See, In Re Benson*, 774 A.2s 258, 262-263 (Del. 2001) ("A lawyer's duty to maintain proper books and records exists for the purpose of protecting not only the lawyer but the lawyer's clients, and the failure to fulfill that duty presents serious risk to the lawyer's clients, even if not actual harm results.").

14

## 4. *Presumptive Sanction.*

In the Panel's view, analysis of the ethical duties violated by the Respondent, the Respondent's state of mind and the potential for injury caused by Respondent's misconduct raise a presumptive sanction of public reprimand with two year probation with conditions. The ethical duties violated direct the Panel to the following factors contained in the ABA Standards: 4.43 and 4.53 (for violations of Rules 1.1 and 1.3), 7.3 (for violation of Rules 1.15 and 5.3) and 6.13 (for violations of Rule 8.4(c)) and 6.23 (for violations of Rule 8.4 (d)). Where, as in this matter, the conduct involves negligent acts with injury or potential injury, these provisions point generally to a public reprimand as an appropriate sanction. *See* ABA Standards 4.43, 4.53, 6.13, 6.23, and 7.3. ABA Standard 4.43 provides "[r]eprimand is generally appropriate when a lawyer is negligent and does not act with reasonable diligence in representing a client, and causes injury or potential injury to a client." Respondent's conduct was negligent by failing to act with reasonable diligence in following up on service and/or failing to appropriately supervise his staff to ensure that service had been perfected. Respondent's conduct caused potential injury to his client's by delaying settlement of their cases and/or resolution of their pending cases.

ABA Standard 4.53 provides "[r]eprimand is generally appropriate when a lawyer: (a) demonstrates failure to understand relevant legal doctrines or procedures and causes injury or potential injury to a client; or (b) is negligent in determining whether he or she is competent to handle a legal matter and causes injury or potential injury to a client." Respondent's conduct demonstrated a failure to understand the requirements of Rule 4 (j) by failing to perfect service within 120 days of filing the complaint and/or by failing to timely file a motion to extend the time period for service. Respondent's conduct caused potential injury to his client's by delaying settlement of their cases and/or resolution of their pending cases.

15

ABA Standard 6.13 provides: "[r]eprimand is generally appropriate when a lawyer is negligent either in determining whether statements or documents are false or in taking remedial action when material information is being withheld, and causes injury or potential injury to a party to the legal proceeding, or causes an adverse or potentially adverse effect on the legal proceeding." Respondent's conduct was negligent by failing to take appropriate measures to ensure that the information provided in his certificate of compliance was accurate. Respondent's conduct caused injury and/or potential injury to the legal proceeding as an audit of his firm's books and records revealed inaccuracies in the certificate of compliance.

ABA standard 6.23 provides: "[r]eprimand is generally appropriate when a lawyer negligently fails to comply with a court order or rule, and causes injury or potential injury to a client or other party, or causes interference or potential interference with a legal proceeding." Respondent acted negligently by filing a certificate of compliance which contained inaccurate information concerning the status of his law firm's books and records. Respondent's conduct resulted in actual and/or potential injury to his clients and the legal system.

ABA standard 7.3 provides "[r]eprimand is generally appropriate when a lawyer negligently engages in conduct that is a violation of a duty owed as a professional, and causes injury or potential injury to a client, the public or the legal system." Respondent's conduct was negligent when he delegated bookkeeping responsibilities to a non-lawyer staff and failed to take appropriate measures to supervise his staff to ensure that his firm's books and records were in compliance with Rule 1.15. Respondent's conduct caused potential injury to his clients and actual and/or potential injury to the legal system. The presumptive sanction must then factor in the presence or absence of any mitigating or aggravating factors.

16

## 5. *Aggravating and Mitigating Factors.*

ABA Standard 9.22 sets forth the following non-exhaustive list of aggravating factors:

(a) prior disciplinary offenses;

(b) dishonest or selfish motive;

(c) a pattern of misconduct;

(d) multiple offenses;

(e) bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with rules or orders of the disciplinary agency;

(f) submission of false evidence, false statements, or other deceptive practices during the disciplinary process;

(g) refusal to acknowledge wrongful nature of conduct;

(h) vulnerability of victim;

(i) substantial experience in the practice of law;

(j) indifference to making restitution;

(k) illegal conduct, including that involving the use of controlled substances.

(ABA Standard § 9.22)

Respondent and the Office of Disciplinary Counsel stipulated that the following aggravating factors apply: 1) prior disciplinary offenses, 2) pattern of misconduct, 3) multiple offenses, and 4) substantial experience in the practice of law. The panel concurs. Respondent had a prior disciplinary offense in 2012, a private admonition. Ex. 8. Respondent had a pattern of misconduct as there were multiple instances where he failed to act diligently in complying with the service requirements of Rule 4 (j) and/or failed to timely file a motion for an enlargement of time to effectuate service. Exs. 1-3, Petition and Answer ¶ 11, 16, 21, 26, and 28, and Tr. at 33-

17

34. Respondent also had multiple offenses because in addition to the failure to act diligently in effectuating service noted above, Respondent also filed certificates of compliance with inaccurate statements and multiple deficiencies were noted during the audit in Respondent's maintenance of his firm's books and records. Tr. 44-46, and Tr. at 53. Respondent has substantial experience in the practice of law, given the Respondent's eighteen years as a member of the Bar having been admitted in 1999. Tr. at p. 15 and Answer ¶ 1. The panel notes that these aggravating factors do not justify imposition of a sanction more severe than a public reprimand, particularly in light of the numerous mitigating factors discussed below.

ABA Standard 9.32 sets forth the following non-exhaustive list of factors to be considered in mitigation:

(a) absence of a prior disciplinary record;

(b) absence of a dishonest or selfish motive;

(c) personal or emotional problems;

(d) timely good faith effort to make restitution or to rectify consequences of misconduct;

(e) full and free disclosure to disciplinary board or cooperative attitude toward proceedings;

(f) inexperience in the practice of law;

(g) character or reputation;

(h) physical disability;

(i) mental disability or chemical dependency including alcoholism or drug abuse when:

  (1) there is medical evidence that the Respondent is affected by a chemical dependency or mental disability;

  (2) the chemical dependency or mental disability caused the misconduct;

18

(3) the respondent's recovery from the chemical dependency or <u>mental disability</u> is

demonstrated by a meaningful and sustained period of successful rehabilitation; and

(4) the recovery arrested the misconduct and recurrence of that misconduct is unlikely;

(j) delay in disciplinary proceedings;

(k) imposition of other penalties or sanctions;

(l) remorse;

(m) remoteness of prior offenses.

(ABA Standard § 9.32)

The Office of Disciplinary Counsel and the Respondent stipulated that the following mitigating factors apply: 1) absence of a selfish or dishonest motive; 2) timely good faith effort to rectify the consequences of misconduct; 3) cooperative attitude toward disciplinary proceedings; 4) character or reputation; and 5) remorse. The panel concurs.

The Panel recognizes that the Respondent did not appear to have a dishonest or selfish motive that resulted in the violations at issue. Tr. 66 and Tr. 73-78. Respondent has since taken a number of steps to rectify the misconduct such as repeated efforts to address the service issues and books and records violations. Tr. at 78-85, and Tr. 120-121. Respondent displayed a cooperative attitude toward the disciplinary proceedings and remorse. Tr. at 97-98 and Tr at 127-128. The Panel notes that Respondent during his testimony seemed to be genuinely remorseful. The panel finds and the record supports that Respondent has a good character and reputation. *See* Tr. at 110-112, Tr. 57-59 and Ex. 2.

Nevertheless, the Panel finds that these mitigating factors cannot negate the sanction of public reprimand. The Panel believes that a private sanction would not serve the purpose of providing notice to the legal community and the public that repetitive violations with respect to

19

maintenance of proper financial books and records are taken very seriously by the Board and the Delaware Supreme Court. *See In re Benson*, 774 A.2d 258, 262–263 (Del. 2001) (finding that a private sanction may be appropriate for an isolated record-keeping violation, but negligent failure for three consecutive years to determine whether Certificates of Compliance are accurate reflects a pattern of misconduct justifying public reprimand). The Panel further believes that a private sanction would not serve to notify the legal community that attorneys are responsible for properly supervising their staff to ensure compliance with the service rules.

## 6. *Precedent.*

Lastly, the Panel believes that recommending a public reprimand in this matter is consistent with Delaware Supreme Court precedent. "[T]he objectives of any lawyer sanction should be to protect the public, to advance the administration of justice, to preserve confidence in the legal profession, and to deter other lawyers from similar misconduct." *In re Doughty*, 832 A.2d 724, 735-736 (Del. 2003) (citations omitted).

With regard to an appropriate sanction, Respondent and the Office of Disciplinary Counsel suggested and the panel agrees that the following cases with similar findings of failure to properly maintain books and records and inaccurate information on the certificate of compliance support a public reprimand with probation: *In re Malik*, 2017 EL 2893921 (Del. Slip. Op.); *In re Castro*, 160 A.3d 1134 (Del. 2017); *In Re Gray*, 152 A.3d 851 (Del. 2016) *In re Woods*, 143 A.2d 1223 (Del. 2016); *In re Stull*, 2009 WL 4573243 (Del. Dec. 4, 2009); *In re O'Brien*, 2005 WL 3143363 (Del. Nov. 22, 2005); *In re Thompson*, 2003 WL 728885 (Del. Fe. 28, 2003); *In re Martin*, 2011 WL 2473325 (Del. June 22, 2011); *In re Froehlich*, 838 A.2d 1117 (Del. 2003); *In re Doughty*, 832 A.2d 724 (Del. 2003); *In re Benson*, 774 A.2d 258 (Del. 2001); and *In re MacPherson*, 2001 EL 760866 (Del. June 14, 2001). A public reprimand is also

20

appropriate where there is client neglect combined with other violations. *In Re Wilks*, 99 A.3d 228 (Del. 2014). The Panel recommends a public reprimand and a two year probation with the following conditions: (1) Respondent shall have an audit by a licensed public accountant who is knowledgeable of the accounting procedures used by the Supreme Court for Rule 1.15 (d) audits and has attended the LFCP training for accountants for his/her 2018 and 2019 Certificates of Compliance, reporting the status of his/her compliance, or lack thereof, with the requirements of Rule 1.15 and Rule 1.15A; (2) Respondent shall provide ODC with a copy of the required pre-certification; and (3) Respondent shall pay the costs associated with the investigation of this matter by ODC, including the costs of the LFCP audit.

**Conclusion.**

Based on the foregoing considerations, the Panel recommends as action of the Board that the sanctions set forth in Section 6 of this Report be imposed upon the Respondent, including the imposition of costs of these disciplinary proceedings, pursuant to Delaware Lawyers' Rule of Disciplinary Procedure 27.

Respectfully submitted,

Deirdre A. McCartney, Esquire, Chair
Date: 11/6/17

Daniel F. Wolcott, Jr., Esquire
Date: 11 7 17

John D. Shevock
Date: _____

21

appropriate where there is client neglect combined with other violations. *In Re Wilks*, 99 A.3d 228 (Del. 2014). The Panel recommends a public reprimand and a two year probation with the following conditions: (1) Respondent shall have an audit by a licensed public accountant who is knowledgeable of the accounting procedures used by the Supreme Court for Rule 1.15 (d) audits and has attended the LFCP training for accountants for his/her 2018 and 2019 Certificates of Compliance, reporting the status of his/her compliance, or lack thereof, with the requirements of Rule 1.15 and Rule 1.15A; (2) Respondent shall provide ODC with a copy of the required pre-certification; and (3) Respondent shall pay the costs associated with the investigation of this matter by ODC, including the costs of the LFCP audit.

**Conclusion.**

Based on the foregoing considerations, the Panel recommends as action of the Board that the sanctions set forth in Section 6 of this Report be imposed upon the Respondent, including the imposition of costs of these disciplinary proceedings, pursuant to Delaware Lawyers' Rule of Disciplinary Procedure 27.

Respectfully submitted,

Deirdre A. McCartney, Esquire. Chair
Date: _____

Daniel F. Wolcott, Jr., Esquire
Date: _____

John D. Shavock
Date: 11/2/17

21